☑ FILED ___ ENTERED
____ LOGGED _____ RECEIVED

9:54 am, Jun 14 2023

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____Deputy

LNE 6.9.23
SS: USAO# 2023R00041

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CASE NO. 1:23-mj-01667-JMC _____ |
| | * | |
| KALEB SCHOONOVER, | * | UNDER SEAL |
| | * | |
| Defendant. | * | |
| | * | |
| | * | |
| ******* | | |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Special Agent Gwendalynn Toy of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), being duly sworn, depose and state as follows:

### INTRODUCTION

1.     This Affidavit is submitted in support of a Criminal Complaint for Kaleb SCHOONOVER - year of birth 1990.

2.     Based on the facts set forth in this Affidavit, there is probable cause to believe that, beginning in August 2022, SCHOONOVER violated 18 U.S.C. § 922(a)(5); that is, willful transfer, sale, or transport of a firearm by an unlicensed person to another unlicensed, out-of-state person, and 18 U.S.C. § 922(g)(1); that is, the knowing possession of a firearm by a prohibited person (the "SUBJECT OFFENSES").

### AFFIANT BACKGROUND

3.     I am an "investigative or law enforcement officer . . . of the United States" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I am

1

a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and currently assigned to the ATF Baltimore Field Division, Baltimore Group VI. I have been employed by the ATF since 2019, and I successfully completed the Criminal Investigator Training Program and Special Agent Basic Training Academies at the Federal Law Enforcement Training Center in Glynco, Georgia. I received extensive training in the provisions of firearms and narcotics laws administered under Title 18, Title 21, and Title 26 of the United States Code. I have conducted and participated in numerous investigations concerning the illegal possession and trafficking of firearms, federal controlled substance laws, and the commission of violent crimes.

4.      I received specialized training and personally participated in various types of investigative activities in connection with these investigations, including, but not limited to: (a) physical surveillance; (b) debriefing defendants, witnesses, informants, and other individuals who had knowledge of firearms and controlled substances; (c) undercover operations; (d) executing search warrants; (e) consensually monitoring and recording conversations; (f) electronic surveillance through pen registers and trap and trace devices; and (g) handling and maintaining evidence.

5.      Because this affidavit is being submitted for the limited purpose of establishing probable cause for SCHOONOVER's arrest, I have not included every fact known to me about this investigation. Rather, I have set forth only those facts I believe are necessary to support SCHOONOVER's lawful arrest. The statements in this affidavit are based on information provided to me by law enforcement officers, as well as my training, experience, and knowledge of this investigation.

## PROBABLE CAUSE

6.      On December 5, 2022, ATF Baltimore received an anonymous tip stating that Kaleb SCHOONOVER (SCHOONOVER) (W/M, YOB: 1990) was manufacturing and selling firearms, mainly polymer 80 handguns[1], through his Facebook page "Killswitch Customs." The tip stated that SCHOONOVER was not a Federal Firearms Licensee (FFL) and that he was a felon.

7.      I examined SCHOONOVER's criminal history and learned he was convicted in 2015[2] for possession/distribution of controlled dangerous substances administrative equipment and was sentenced to 18 months suspending all but 5 months and 21 days. A sentence of this nature with those charges is federally prohibiting. I also confirmed with the Maryland Gun Center that SCHOONOVER is prohibited from possessing firearms.

8.      The tip stated SCHOONOVER's address to be 12 Meadow Lane, Thurmont, Maryland (MD) 21788.  Investigators confirmed his address utilizing both the Maryland Motor Vehicle Association (MVA), the United States Postal Inspectors (USPI) office, and surveillance.

9.      Additionally, based on the investigation I learned that in January 2015, SCHOONOVER attempted to purchase a long gun from First Cash Pawn in Frederick, MD and was denied by NICS[3]. Investigators know that it is protocol for an FFL to contact the purchaser and explain that they were denied from purchasing a firearm.  Investigators know that being denied would again confirm to SCHOONOVER that he is prohibited from purchasing and possessing firearms.

---

[1] The tip was referring to privately made unserialized firearms. Commonly referred to as "PMFs", "P-80s" and "Ghost Guns".

[2] District of Maryland for Frederick County Case Number 2U00075112.

[3] NICS stands for National Instant Criminal Background Check, which is a required background check for the purchase of any firearm.

3

10.     Additionally, based on an ATF records check of SCHOONOVER and KillSwitch Customs, neither SCHOONOVER nor his business hold Federal Firearms Licenses (FFL) with the ATF for manufacturing or selling firearms as required pursuant to the Federal Gun Control Act (GCA). The GCA requires that persons who are engaged in the business of dealing in firearms be licensed by ATF.

11.     On March 16, 2023, a federal search warrant[4] was authorized to search Facebook accounts associated to SCHOONOVER's personal (Kaleb SCHOONOVER) and business (KillSwitch Customs) accounts for the period of March 1, 2022 through March 16, 2023. Investigators reviewed the contents and learned that many of the direct messages, videos, and photographs supported the investigators' beliefs that SCHOONOVER was engaging in criminal activities and violation of the SUBJECT OFFENSES.

12.     Investigators found via SCHOONOVER's Facebook direct messages that on August 8, 2022, a conversation took place between SCHOONOVER (green text) and an individual known as Dominick Miles (blue text).

13.     During the conversation, it was shown that SHOONOVER sent a message regarding "a piece added to the slide" that was something he had designed. Investigators know that Machine Gun Conversion Devices[5] (MGCD) have the ability of being added to the slide of a

---

[4] The Honorable Matthew J. Maddox, U.S. Magistrate Judge for the District of Maryland authorized a federal search warrant under case number 23-mj-967-MJM.

[5] The National Firearms Act (NFA), 26 U.S.C. Chapter 53, defines the term "firearm" to include a machinegun. Section 5845(b) of the NFA defines "machinegun" as "any weapon which shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person."

firearm in order to make a semi-automatic firearm operate in a fully automatic capacity. Miles then asked if there was a "heavier recoil spring to reduce/speed up the siklick rate." Investigators know the term "cyclic rate" is utilized when referencing the rate of fire of a fully automatic firearm[6].

14.    The following date, August 9, 2022, SCHOONOVER and Miles exchanged telephone numbers and referenced plans to call each other to discuss more details. Later that same day, they messaged regarding payment options and SCHOONOVER (green text) confirmed his CashApp[7] name to be "$KillSwitchCustoms." SCHOONOVER said he would provide Miles (blue text) with a "functional kit for 150" and added that it would come with "a complete trigger, back plate, and giggle bar." Investigators confirmed via CashApp subpoena[8] returns that there was a corresponding payment from Miles to SCHOONOVER two days later on August 10, 2022 for $249.00. Investigators also know the term "giggle bar" to be slang terminology for a MGCD.

15.    Later in the same conversation, Miles requested that SCHOONOVER not send the items to him immediately due to his lease being up on August 19, 2022. Miles contacted SCHOONOVER again on August 15, 2022 confirming that his new address would be 564 Knute Drive, Apartment H, Avon, Indiana (IN) 46123. Investigators later learned utilizing commercial law enforcement databases, that Miles started utilizing the new referenced mailing address in Avon, IN from September 2022 to present.

---

[6] According to the *Merriam-Webster Dictionary*, the definition of cyclic rate is the rate of fire of an automatic weapon usually expressed as number of rounds fired per minute.

[7] A mobile payment service that allows users to transfer money to one another utilizing a cellphone application.

[8] A Grand Jury subpoena issued January 24, 2023 was served to Block, Inc – Parent company of CashApp.

16.     On October 6, 2022, SCHOONOVER messaged Miles a photo of a receipt bearing

information for a United States Postal Service (USPS) Priority Mail Flat Rate Box to Avon, IN

46123 with an expected delivery date of October 8, 2022 and Tracking Number of 9505 5108 3148

2279 5052 47.



17.     On October 8, 2022, Miles (blue text) messaged SCHOONOVER (green text) to

confirm that he had received the shipment by saying, "Yo! Got that ??" Investigators believe that

Miles was attempting to refrain from stating what exactly he had received in writing due to it/them

being illegal MGCD(s). SCHOONOVER then asked if Miles had attempted to install "it" yet

before stating "the rear lug on the upper holds it in place," along with two photos (shown below)

that show how to install a MGCD into a rifle. Investigators believe that SCHOONOVER was

referring to a MGCD being held in place within the upper receiver of a rifle and confirmed that

the photos sent depict the same.

6



18.     Investigators believe that this exchange between Miles and SCHOONOVER is a violation of 18 U.S.C. § 922(a)(5), given that SCHOONOVER is not licensed to sell firearms who then transferred firearms to Miles who provided his address in another state, Indiana.

19.     There are additional communications between Miles and SCHOONOVER from October and most recently in late March 2023, when SCHOONOVER reached back out to Miles to inquire if he had tried out the MGCDs yet. Miles replied that he had not had the opportunity yet but was dying to try them out. Miles (blue text) later messaged SCHOONOVER (green text) on April 4, 2023, "Committed some crime today. The one for the Glock works great!" Investigators know that to mean that Miles had tried shooting the MGCD installed in Miles' Glock pistol, and it had worked well. Miles confirmed to SCHOONOVER that he had not "tried the big boi," which investigators knew to mean the MGCD installed in Miles' rifle.

20.     SCHOONOVER then replied, "Glad to hear you enjoyed they small fry though," which investigators knew to be a slang reference for the pistol MGCD. In order to continue the fry theme, Miles returned by saying, "Perfectly salted. I want another…" To which SCHOONOVER retorted, "I've got a dozed that just came out of the fryer." Investigators know

7

this statement to mean that at the time of the message, SCHOONOVER was in possession of at least 12 additional MGCDs.

21.    An ATF records check of Miles confirmed that he does not have a Federal Firearms License (FFL) with the ATF, which is a federal requirement for receiving shipped firearms.

22.    In summation, Kaleb SCHOONOVER, knowingly being a prohibited person, admitted to having manufactured and possessed upwards of 214 MGCDs between the approximate dates of August 8, 2022 and April 4, 2023 while residing in the state of Maryland. SCHOONOVER sold and shipped at least one pistol MGCD and one rifle MGCD on October 6, 2022 to Dominick Miles in the state of Indiana. Neither SCHOONOVER nor Miles are licensed as FFLs with ATF.

## CONCLUSION

23.    Based on the facts set forth above, I believe there is probable cause that Kaleb SCHOONOVER willfully transferred, sold, or transported a firearm as an unlicensed person to another unlicensed, out-of-state person in violation of 18 U.S.C. § 922(a)(5); and was knowingly in possession of a firearm as a prohibited person in violation of 18 U.S.C. § 922(g)(1).

6/9/23

Special Agent Gwendalynn Toy, ATF

Affidavit submitted by email and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 4(d) this 9th day of June 2023.

Hon. J. Mark Coulson
United States Magistrate Judge
District of Maryland